**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA WICIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| | ) | |
| COUNTY OF COOK, COOK COUNTY | ) | |
| HEALTH AND HOSPITAL SYSTEM d/b/a | ) | |
| Oak Forest Hospital and John H. Stroger Jr. | ) | |
| Hospital, and LYNDA HARPER, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, LAURA WICIK (hereinafter referred to as "Plaintiff" and/or "Wicik"), by and through her attorneys, ANTHONY J. PERAICA & ASSOCIATES, LTD., and for her Complaint against the Defendants, COUNTY OF COOK, COOK COUNTY HEALTH AND HOSPITAL SYSTEM, and LYNDA HARPER, alleges and states as follows:

## NATURE OF CLAIMS

1. Plaintiff brings this action to remedy unlawful discrimination based upon disability and retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e, et seq. (hereinafter referred to as "Title VII") and for discrimination based upon disability in violation of the American with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. ("ADA"). Plaintiff seeks legal and equitable relief, including, but not limited to, allowing for promotion, adjustment of seniority records, lost pay and benefits, compensatory and punitive damages, interest, and attorney's fees.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331. Venue is proper in this District pursuant to 28 U.S.C. §1391.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

4. Plaintiff Laura Wicik is a Caucasian female citizen of the United States and resident of the City of Lockport, County of Will, State of Illinois.

5. Defendant County of Cook is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

6. Defendant Cook County Health and Hospital System is municipal corporation with its own Board of Directors organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

6. Defendant Lynda Harper is employed as the Call Center Trainer and was the supervisor of the Plaintiff.

8. At all times material herein Defendant Harper was an employee and/or agent of the Defendants County of Cook and/or Cook County Health And Hospital System and is being sued in her official and individual capacities.

9. Defendants are responsible for the acts of their employees and supervisors who are acting within the scope of their employment when the violations occur.

10. Defendants have acted under color of state law at all material times hereto.

11. Plaintiff was at all relevant times an employee of the Defendants and at all relevant times worked for them in the State of Illinois under their authority and control.

12. At all relevant times, Defendants employed in excess of fifteen employees and were employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

## PROCEDURAL REQUIREMENTS

13. Plaintiff has fulfilled all conditions precedent to the institution of this action, under Title VII of the Civil Rights Act of 1964. Plaintiff timely filed a Charge of Discrimination and has received a Right to Sue letter based upon charges of disability and retaliation. The Right to Sue letter and corresponding Charge of Discrimination are attached hereto and made part hereof as Exhibits A and B.

## FACTUAL BACKGROUND

14. Plaintiff began her employment with the County of Cook and Cook County Health and Hospital System in June 1992.

15. Plaintiff has held several employment positions with the County of Cook and Cook County Health and Hospital Systems, including Oak Forest Hospital and clinic and John H. Stroger Jr. Hospital, throughout her continued employment.

16. During plaintiff's employment, she has reported to the Defendants on numerous occasions that she was subject to harassment and reverse-racial discrimination. Upon information and belief, no one was disciplined as a result of plaintiff's complaints.

17. Upon information and belief, during plaintiff's employment, Plaintiff was told by a COO of Oak Forest Hospital that she would not be promoted because of complaints she made.

18. Plaintiff was working as an Administrative Assistant II on or about November 4, 2013 in the Cardiology department at John H. Stroger, Jr. Hospital.

19. Plaintiff's supervisor at Stroger Hospital, Fran Rampick, subjected Plaintiff to harassment by issuing write ups on the Plaintiff that were not warranted.

20. Defendants were aware of Plaintiff's medical conditions but interfered with her use of protected medical leave.

21. When Plaintiff complained about her treatment in 2015 to management, she was told that the Defendants preferred someone with her boss' mentality not her.

22. Plaintiff continued to report her complaints but nothing was done to remedy the situation, management continued to pressure the plaintiff and disregard plaintiff's need for accommodation of her disability.

23. Upon information and believe, Plaintiff was targeted for harassment by Defendants' employees and management.

24. Plaintiff was forced to use sick and vacation time due to her medical disability, which includes high blood pressure and stress.

25. Upon Plaintiff's return to work, she was subject to disciplinary write-ups.

26. Plaintiff requested protected medical time, including FMLA leave, but was told by Defendants' management that medical leave is looked down up and is a strike against employees who use it.

27. Defendants discouraged the Plaintiff from seeking medical leave.

28. Plaintiff was also subject to harassment by the Defendants and their employees through her complaints to the EEO about violence in the workplace and the Illinois Labor Relations Board for the handling of open positions when the AAII position was eliminated.

29. In December 2016, Plaintiff and three other women from Stroger Hospital were moved to the Call Center at Oak Forest Hospital. Plaintiff's position was Document Processor.

30. At the Call Center, upon information and belief, Plaintiff was the only employee who was not provided with a telephone. She would have to get up and physically go to her supervisors' office when there was a question or issue that needed to be addressed.

31. Plaintiff's movements around the office lead to her colleagues complaining and keeping track of her work.

32. Not only were Plaintiff's co-workers harassing her by keeping tabs on her whereabouts but Plaintiff would receive emails on her days off from her supervisors and requests that Plaintiff report throughout the day on her completion of projects, which no one else had to do.

33. Plaintiff was continuously harassed and subjected to discipline for clocking in a minute or so late, despite the CCHHR policy allowing for a 6 minute window before being tardy.

34. Plaintiff was required to aux in and out for breaks, lunch and washroom usage despite never being subjected to that before and CCHHR not having a policy on auxing.

35. Despite the above noted difficulties, at all times throughout the course of her employment, Plaintiff performed her job to the satisfaction of her employer and beyond.

36. Plaintiff is widely regarded by both her peers and supervisors as a skilled and hardworking employee.

37. During Plaintiff's employment, she was diagnosed with stress urinary incontinence, another disability, which limited her ability to work continuously without several breaks.

38. Plaintiff received a work restriction from her doctor stating that Plaintiff required frequent bathroom breaks. Plaintiff sought an accommodation from Lynda Harper that would allow plaintiff to take frequent bathroom breaks without having to aux in and out. Plaintiff's accommodation was denied.

39. Upon information and belief, Defendants management and Harper did not discuss with the Plaintiff the requested accommodation nor did the Defendants offer alternatives to the accommodation request.

40. On or about December 2, 2016, Plaintiff filed a Charge of Discrimination for disability discrimination and retaliation, continuing actions, with the Illinois Department of Human Rights. See Exhibit B.

41. Plaintiff was harassed, subject to different terms and conditions of employment, and prevented from obtaining other positions in whole or in material part because of her disability.

42. Plaintiff was harassed, subject to different terms and conditions of employment, and prevented from obtaining other positions in whole or in material part because of her prior complaints to the EEOC, Shakman monitor, Labor Relations Board and filing of Charges of Discrimination with the Illinois Department of Human Rights.

## COUNT I – VIOLATION OF ADA
**(Discrimination Based Upon Disability)**

43. Plaintiff re-alleges Paragraphs 1-42 of the previous sections of the Complaint as Paragraph 43 of this Count I.

44. Plaintiff has several medical conditions, including high blood pressure and urinary incontinence, which substantially limit her major life activities.

45. Upon information and belief, Plaintiff's medical conditions are considered disabilities under the Americans with Disabilities Act and subsequent amendments.

46. Plaintiff has a history of having these disabilities.

47. Plaintiff's impairments are not minor or transitory.

48. Upon information and belief, Plaintiff has advised her supervisors, union representatives, and the Defendants of her disabilities and requests for accommodations.

48. Plaintiff would be able to work with reasonable accommodations.

49. Plaintiff attempts to work for the Defendants at the present time without accommodations but Defendants have subjected Plaintiff to discipline because of her non-accommodated disabilities.

50. Plaintiff suffers adverse employment decisions—disciplinary write ups, having to constantly check in with her supervisors, gets downgraded in reviews because of having to use the bathroom, etc.—because of her disabilities.

51. After being diagnosed with a disability and requesting an accommodation, Defendants failed to consider Plaintiff's request and/or discuss alternative accommodations.

52. Based on information and belief, Plaintiff was wrongfully disciplined and discriminated against based on her disability.

53. Based on information and belief, Plaintiff's wrongful discipline was the result of discrimination based upon Defendants' belief that Plaintiff was not entitled to accommodations, in violation of the ADA.

54. Based on information and belief, the disciplinary actions taken against the Plaintiff constitute and are the result of discrimination based upon disability by the Defendants, in violation of the ADA.

55. Plaintiff has exhausted her administrative remedies by filing a Charge of Discrimination, whereupon the EEOC issued a right to sue letter.

56. As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under the ADA.

57. The Defendants' wrongful actions caused Plaintiff great mental anguish, humiliation, anxiety, and other emotional and psychological distress.

58. Plaintiff is entitled to the recovery of compensatory damages.

WHEREFORE, Plaintiff asks that judgment be entered against Defendants as follows:

A. Ordering the Defendants to provide Plaintiff a position with Defendants that is commensurate with her skills and experience and allows for an accommodation of her disability;

B. Ordering the Defendants to pay to Plaintiff damages for loss of wages, loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendants' wrongful acts, along with interest;

C. Ordering the Defendants to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D. Ordering the Defendants to pay to Plaintiff the attorneys' fees, court costs, and

disbursements which Plaintiff has incurred and will incur as a result of Defendants' wrongful and willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.

**COUNT II – VIOLATION OF FMLA**

59. Plaintiff re-alleges Paragraphs 1-42 of the previous sections of the Complaint as Paragraph 59 of this Count II.

60. Plaintiff is an employee of the Defendants.

61. Defendant County of Cook employs more than 50 employees within a 75 mile radius of where Plaintiff works.

62. Defendant Cook County Health and Hospital System employs more than 50 employees within a 75 mile radius of where Plaintiff works.

63. Upon information and belief, during the time periods that Plaintiff sought medical leave, she had worked at least 1250 hours within the preceding months.

64. Upon information and belief, during the time periods that Plaintiff sought medical leave, she was employed by the Defendants for at least 12 months prior to seeking medical leave.

65. Plaintiff attempted to apply for FMLA time but was discouraged by her supervisors that it would affect her ability to obtain advancements and would put a target on her back.

66. Defendants interfered with Plaintiff's request for her FMLA benefits and other medical leave.

67. As a result of Plaintiff having invoked her FMLA benefits and medical benefits, she suffered adverse employment decisions at the hand of the Defendants.

WHEREFORE, Plaintiff asks that judgment be entered against Defendants as follows:

A. Ordering the Defendants to provide Plaintiff a position with Defendants that is commensurate with her skills and experience and allows for an accommodation of her disability;

B. Ordering the Defendants to pay to Plaintiff damages for loss of wages, loss of benefits, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendants' wrongful acts, along with interest;

C. Ordering the Defendants to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D. Ordering the Defendants to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendants' wrongful and willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.

**COUNT III – VIOLATION OF TITLE VII**
**(Retaliation)**

68. Plaintiff re-alleges Paragraphs 1-42 of the previous sections of the Complaint as Paragraph 68 of this Count III.

69. At all times throughout the course of employment, Plaintiff was qualified for her position and performed her job to the legitimate expectation of her employer and beyond.

70. Based on information and belief, Defendants' retaliated against Plaintiff for filing a Charge of Discrimination against Defendants.

71. Plaintiff's filing of a previous discriminatory complaints resulted in harassment, and differing terms and conditions of employment.

72. Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights.

73. Plaintiff has exhausted her administrative remedies by filing a Charge of Discrimination and was issued a right to sue letter.

74. As a direct and proximate result of the Defendants' actions, Plaintiff suffered severe financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorneys' fees, court costs, and other damages allowable under Title VII.

75. The Defendants' actions caused Plaintiff great mental anguish, humiliation, anxiety, loss of sleep, and other emotional and psychological distress.

76. Plaintiff is entitled to the recovery of compensatory damages.

WHEREFORE, Plaintiff asks that judgment be entered against Defendants as follows:

A. Ordering the Defendants to provide Plaintiff a position with Defendant that is commensurate with her skills and experience with the requested accommodation;

B. Ordering the Defendants to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendants' wrongful acts, along with interest;

C. Ordering the Defendants to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D. Ordering the Defendants to pay to Plaintiff the attorneys' fees, court costs, and

disbursements which Plaintiff has incurred and will incur as a result of Defendants' wrongful and willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.

**COUNT IV – INDEMNIFICATION**

77. Plaintiff re-alleges Paragraphs 1-76 of the previous sections of the Complaint as Paragraph 77 of this Count IV.

78. Illinois law provides that a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer in an official capacity.

79. The United States District Court for the Northern District of Illinois has further held that the County of Cook shall indemnify its employees.

80. Defendant Harper is an employee of the Defendants County Of Cook And Cook County Health And Hospital System.

81. Defendants County Of Cook And Cook County Health And Hospital System manage and operate the Oak Forest Hospital and John H. Stroger, Jr. Hospital.

82. The Cook County Health and Hospital System under certain circumstances is considered an agency of the County Of Cook.

WHEREFORE, Plaintiff asks that judgment be entered against Defendants as follows:

A. Ordering the Defendants to provide Plaintiff a position with Defendants that is commensurate with her skills and experience and with accommodations;

B. Ordering the Defendants to pay to Plaintiff damages for loss of wages, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, and other compensatory damages resulting from Defendants' wrongful acts, along with interest;

C. Ordering the Defendants to pay to Plaintiff the compensatory damages incurred as a result of its wrongful acts;

D. Ordering the Defendants to pay to Plaintiff the attorneys' fees, court costs, and disbursements which Plaintiff has incurred and will incur as a result of Defendants' wrongful and willful conduct; and

E. Awarding to Plaintiff such other relief as this Court deems proper.

PLAINTIFF DEMANDS A TWELVE (12) PERSON JURY TRIAL

Respectfully submitted,

By: /s/ Anthony J. Peraica

ANTHONY J. PERAICA, ARDC NO.: 6186661
ANTHONY J. PERAICA & ASSOCIATES, LTD.
ATTORNEYS FOR PLAINTIFF
5130 SOUTH ARCHER AVENUE
CHICAGO, ILLINOIS 60632
773-735-1700